# EXHIBIT C

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>v.<br><br>UNITED MEMORIAL HOSPITAL,<br><br>    Defendant.<br>_____/ | Case No. 1:01-CR-238<br><br>HON. RICHARD ALAN ENSLEN<br><br>**JOINT PETITION TO AMEND PLEA AGREEMENT** |

The United States of America, by its attorneys, Margaret M. Chiara, United States Attorney for the Western District of Michigan, and Barbara Colby Tanase and Glenn Martin, Assistant United States Attorneys, and United Memorial Healthcare Association (formerly United Memorial Hospital) ("UMH"), by its special counsel, Devin S. Schindler, hereby jointly petition the Court to amend the Plea Agreement between UMH and the United States entered into on January 8, 2003. The facts supporting this joint petition are as follows:

1) On January 8, 2003, this Court approved a plea agreement between the United States and UMH that resolved a criminal indictment against UMH charging that UMH had fraudulently billed third-party payors for medically unnecessary services (the "Plea Agreement"; a copy of which is attached as Exhibit A.). This Plea Agreement required UMH to, among other things, "become affiliated…with a health care entity…which the United States…deems acceptable for the purpose of implementing an appropriate Compliance Plan." (Plea Agreement ¶ 6 B.) The Plea Agreement also required UMH to pay a criminal fine in the amount of $1,050,908.60.

2) Following extensive discussion between the parties, on September 1, 2003, UMH became formally affiliated with Spectrum Health. Pursuant to its agreement with UMH, Spectrum Health has become the sole member (owner) of UMH.

3) The United States has deemed Spectrum Health to be an "acceptable" "health care entity" for purposes of UMH's compliance with the Plea Agreement.

4) In further compliance with the Plea Agreement, on September 4, 2003, UMH entered into a Corporate Integrity Agreement ("CIA") with the Department of Health and Human Services which requires UMH to create new compliance systems, audit the effectiveness of those systems and provide the United States with regular reports regarding compliance. The CIA satisfies the Plea Agreement requirement that UMH implement a Compliance Plan acceptable to the United States. (Plea Agreement ¶ 6 B.)

5) UMH is struggling financially and an initial review of UMH's financial condition by Spectrum Health indicates a need to invest several million dollars into UMH's operations over the next several years to bring it into compliance with Spectrum Health's internal quality and compliance standards. This investment, in turn, affects UMH's and Spectrum Health's ability to fully fund certain indigent healthcare and outreach programs the two entities deem critical to their mission of making high quality healthcare available to all citizens of Western Michigan.

6) The United States supports UMH's and Spectrum Health's efforts to provide quality healthcare to less advantaged members of the local community. Accordingly, the United States and UMH have agreed that up to approximately one half of the criminal fine owed by UMH can be redirected to fund programs that provide direct healthcare benefits to indigent and lower-income populations (the "Redirected Funds"). The parties' agreement has been memorialized in a "Matching Fund Agreement", a copy of which is attached as Exhibit B.

7) The Matching Fund Agreement would allow UMH to redirect into indigent care programs funds that would otherwise be paid as part of the criminal fine on a dollar-for-dollar matching basis with funds UMH or Spectrum Health are able to raise in donations or grants. With few exceptions, the Redirected Funds are intended to become an endowment dedicated to the long-term funding of indigent care programs. The total amount of Redirected Funds available under this program is $500,000 (the "Matching Fund Pool"). The Matching Fund Agreement requires UMH to certify on an annual basis the receipt of matching funds and that the Redirected Funds are being used for specified indigent care and outreach programs.

8) The Matching Fund Agreement sets forth a payment schedule acceptable to both parties for payment of the remaining criminal fine amount and, at the end of two years, further provides that any monies remaining in the Matching Fund Pool that have not been accessed by UMH be paid as part of the original criminal fine.

9) The parties believe that entering into the Matching Fund Agreement is in the public interest and does not undermine the purposes for which the prosecution was brought or the goals of the original Plea Agreement.

10) In its capacity as sole member (owner) of UMH, Spectrum Health has appointed Attorney Devin Schindler as special counsel to UMH for purposes of filing this joint petition, in lieu of counsel of record. The government has no objection to Mr. Schindler's appearance in this matter for purposes of consummating the Matching Fund Agreement.

11) The parties further stipulate and agree that UMH's Motion to Compel Compliance With the Plea Agreement is moot and requires no further action on the part of either party or the Court.

For the foregoing reasons, the parties jointly petition the Court to approve this amendment of the Plea Agreement in order to allow implementation of the Matching Fund Agreement.

Dated: September 5, 2003

MARGARET M. CHIARA
United States Attorney

*[signature]*

GLENN MARTIN
Assistant United States Attorney

Dated: September 5, 2003

*[signature]*

BARBARA COLBY TANASE
Assistant United States Attorney

WARNER NORCROSS & JUDD LLP

Dated: September 5, 2003

*[signature]*

DEVIN S. SCHINDLER
Special Counsel for United Memorial Hospital